# Swift & Company *v.* Herkness, Appellant.

*Affidavit of defense—Auctioneer—Sale of horse—Estoppel.*

In an action against an auctioneer to recover the value of a horse alleged to have been wrongly sold, an affidavit of defense is sufficient which avers that the horse had been sold as the property of L., whom defendants believed to be the owner of the horse, and to whom the proceeds of the sale had been paid; that prior to the sale the plaintiff denied under oath in an affidavit of defense in a pending judicial proceeding that plaintiff was the owner of the horse, and that this denial was confirmed by plaintiff's agent and superintendent, who assured L. that the plaintiff did not own the horse, and that he might sell it and retain the proceeds; that the same superintendent and agent was duly notified of the proposed sale, and again disclaimed that the plaintiff had any interest in the horse.

Argued Oct. 9, 1902. Appeal, No. 27, Oct. T., 1902, by defendants, from order of C. P. No. 5, Phila. Co., Sept. T., 1901, No. 2303, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Swift & Company v. Walter W. Herkness and J. Smylie Herkness, trading as Alfred M. Herkness & Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for value of a horse.

The averments of the statement and affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*E. J. Mingey,* with him *H. La Barre Jayne* and *Biddle & Ward,* for appellants.—The affidavit is sufficient if it sets forth such facts as discloses a defense which can only probably be established: Leibersperger v. Reading Savings Bank, 30 Pa. 531; Black v. Halstead, 39 Pa. 64; Thompson v. Clark, 56 Pa. 33; Reznor v. Supplee, 81 Pa. 180; Hugg v. Scott, 6 Wharton, 274, where SERGEANT, J., said: "Silence will postpone a title when one should speak out, when knowing his own right one suffers his silence to lull to rest, instead of warning to danger; when, to use the language of the books, silence

becomes a fraud : " Chapman v. Chapman, 59 Pa. 214 ; Penna. R. R. Co.'s App., 86 Pa. 80 ; Calender & Co. v. Robinson, 96 Pa. 454.

*F. C. Menamin*, with him *George Robinson*, for appellee.— Where one tortuously in possession of another's goods converts them, assumpsit for money had and received may be maintained : Bethlehem Borough v. Perseverence Fire Co., 81 Pa. 445 ; Gump et al. v. Showalter, 43 Pa. 507.

An auctioneer who innocently sells stolen goods, or goods not belonging to the person for whom he sells, is liable to the owner for either the goods or their value, in an action brought by the latter to recover their value : Gump v. Showalter, 43 Pa. 507.

OPINION BY BEAVER, J., December 13, 1902 :

Judgment was entered against the defendants for want of a sufficient affidavit of defense upon a statement, the allegations in which are contained in the following paragraph : " The said sum of $135, being the amount received by the said defendants for one roan horse, the property of the plaintiff, which said horse was sold by the defendants, to wit, on July 7, 1900, and which said sum of $135 : the said defendants have refused and do refuse to pay over to the said plaintiff, though often requested so to do."

It may be seriously doubted whether the plaintiff was entitled to a judgment upon this statement, even if no affidavit of defense had been filed. There is no allegation that the money for which the horse sold was received for or on account of the plaintiff or for its use. There is no allegation that the horse was sold for the defendants or unlawfully sold, and there is no averment of a promise to pay. We can see no sufficient averments in the statement which raise a legal liability to pay. The defendants, however, having failed to demur to the statement and having filed their affidavit of defense, we base our conclusion upon the sufficiency of the affidavit itself.

The plaintiff was a corporation, organized under the laws of the state of Illinois, as shown by its statement. It must, therefore, act by and through superintendents and agents. The affidavits, taken together, allege : " That said plaintiffs were pres-

ent at the sale referred to and made no claim to be the owners of the horse at that time, but allowed the same to be sold by the defendants as the property of another person whom defendants believed to be the true owner of the horse ; " " that one, Louis Kramer, the superintendent of the plaintiff's Delaware avenue stores in the city of Philadelphia and the agent of the plaintiffs, on or about June 7, 1900, informed and advised George Lennox, who was then in possession of the said horse, for whom and for whose account the said sale was made, that the plaintiff possessed no property in nor title to the said horse, and assured him that he, the said George Lennox, might dispose of the same and profit by the proceeds of the sale thereof ; whereupon the said Lennox caused the said horse to be entered for sale in the bazaar of the defendants, of which sale defendants gave notice by duly advertising the same, and the said Lennox, on July 6, 1900, or thereabouts, notified and advised the said Kramer of the time and place of the said sale, but the said Louis Kramer, on the part of the said plaintiff, again disclaimed any interest in or title to the said horse, which the defendants thereupon sold and the proceeds of the said sale, less their commissions, thereupon defendants, by check dated June 11, 1900, paid over to the said George Lennox." The defendants also allege " that, in an action instituted by one Bitney against the said plaintiffs, in the court of common pleas No. 2, of March term, 1900, No. 1,230, the said Swift & Company, in an affidavit of defense filed therein, denied that they had ever purchased or owned the said horse."

The facts stated in these affidavits, if proved, would constitute a good defense to the plaintiff's claim. It is true that the defendants do not allege in what manner Kramer was appointed the superintendent and agent of the plaintiff, nor the precise extent of his agency. These facts are in the possession of the plaintiff and can probably only be brought out upon the testimony of the plaintiff or of its agent, Kramer, although the latter makes affidavit of the statement of claim as the plaintiffs' manager. We think, therefore, that the fact of agency is sufficiently averred and that the rule to enter judgment for want of a sufficient affidavit of defense should have been discharged. Judgment reversed and a procedendo awarded.